IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **Airian Jovan Misuraca**, <br><br> Plaintiff, <br><br> v. <br><br> **Washington County Detention Center, NaphCare, Correctional Health Partners**, <br><br> Defendants. | Case No. 3:20-cv-01597-IM <br><br> **OPINION AND ORDER** |

**IMMERGUT, District Judge.**

This case comes before the Court on Plaintiff's "motion to allow names to be added as 'legal mail.'" ECF 30. Plaintiff seeks an order requiring Defendant Washington County Detention Center ("Jail") to treat certain correspondence as "legal mail" going forward. *See* ECF 42 at 8 (Plaintiff's proposed order stating that there is "sufficient reason why David Mosso and Norman Jay Briones should be added to the list for confidentiality reasons"). This Court construes the motion as a preliminary injunction motion. For the reasons that follow, the motion is denied.

**LEGAL STANDARDS**

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain a TRO or preliminary injunction, a plaintiff must show that: (1) he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his or her favor; and (4) that an injunction is in the public interest. *Id*. at 20. The Ninth Circuit applies a "sliding scale" approach in considering the factors outlined in *Winter*. A stronger showing of one element of the preliminary injunction test may offset a weaker showing of another. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–32 (9th Cir. 2011). Thus, for example, when the balance of hardships tips sharply towards the plaintiff, the plaintiff need demonstrate only "serious questions going to the merits." *All. for the Wild Rockies*, 632 F.3d at 1135.

"Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." *Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1376 (9th Cir. 1985); *see also Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir.1987). If a plaintiff does not make that "minimum showing," a court "need not decide whether it is likely to succeed on the merits." *Oakland Tribune*, 762 F.2d at 1376; *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011).

**DISCUSSION**

**A. Plaintiff has not demonstrated serious questions going to the merits.**

As an initial matter, this Court does not have jurisdiction over claims seeking forward-looking relief based on state law. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Seldovia Native Ass'n, Inc. v. Lujan*, 904 F.2d 1335, 1349–50 (9th Cir. 1990); *Hale*

*v. State of Arizona*, 967 F.2d 1356, 1369 (9th Cir. 1992), *affirmed on reh'g*, 993 F.2d 1387 (9th Cir. 1993) ("the Eleventh Amendment deprives federal courts of jurisdiction to order state actors to comply with state law"). Plaintiff asks that this Court order Defendant Jail to comply with the "inmate manual," treat "official mail" and "legal mail" the same, and comply with state law. ECF 42 at 1-2, 4. This Court does not have jurisdiction to order such compliance.

Plaintiff asks that this Court designate some communications as "legal mail." For constitutional purposes, "legal mail" includes properly marked mail from a lawyer, not mail from courts. *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017) (citing *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996)). Legal mail does not generally include mail to or from government agencies. *See Witherow v. Paff*, 52 F.3d 264, 265-66 (9th Cir. 1995) (holding that inspection of outgoing mail to public officials was a valid regulation "closely related to a legitimate penological interest"); *Grigsby v. Horel*, 341 F. App'x 314, 314 (9th Cir. 2009) (upholding summary judgment in favor of defendants where "mailings were not addressed to or from a particular attorney," but rather "to or from public agencies") (citing *O'Keefe v. Van Boening*, 82 F.3d 322, 325-27 (9th Cir. 1996)); *Mann v. Adams*, 846 F.2d 589, 590 (9th Cir. 1988) (noting that a "'rule whereby the inmate is present when mail from attorneys is inspected'" does "'perhaps even more . . . than the Constitution requires'") (quoting *Wolff v. McDonnell*, 418 U.S. 539, 577 (1974)).

Plaintiff seeks to expand the constitutional category of "legal mail" to include communications with those individuals or entities listed in Plaintiff's declaration, which Plaintiff claims are witnesses, experts, or serve "investigatory purposes." *See* ECF 31 at 2. Plaintiff asks that Norman Jay Briones and David Mosso be designated legal mail communicants because they are witnesses, but he appears to concede these individuals are not attorneys. ECF 31 at 2; ECF 42

at 4; *see also* ECF 35 at ¶ 4 (Defendant's declaration stating that Mr. Briones was not an attorney, not with the ACLU, and not with Disability Rights Oregon). Plaintiff also asks that certain individuals and government offices be designated as legal mail for "investigatory purposes," but does not explain what exactly that means or this mail's relevance to his pro se activities. ECF 31 at 2. As explained above, the Supreme Court and Ninth Circuit's holdings regarding "legal mail" are narrow. They do not suggest that a pro se prisoner or pretrial detainee's witnesses, experts, and/or investigatory contacts are included in the category.

Given the federal courts' consistent narrow construction of "legal mail" over the decades and Plaintiff's conclusory arguments lacking in factual detail (including his cursory reference to due process and his right to practice his pro se semi-profession), Plaintiff has not demonstrated that a serious question going to the merits exists.

**B. Plaintiff has not demonstrated a significant threat of irreparable harm in the absence of his requested order.**

Although the Court must liberally construe a self-represented litigant's pleadings, Plaintiff does not allege he will suffer an irreparable injury absent preliminary relief, much less demonstrate that such harm is imminent. *See Caribbean Marin Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) (noting that to meet the "irreparable harm" requirement, a plaintiff must demonstrate, rather than simply allege, imminent harm). For example, Plaintiff does not attempt to explain who David Mosso and Norman Jay Briones are, or what they are witnesses to or investigators or experts of. Plaintiff does not explain *why* they are, as he asserts, "crucial to the assisting, investigatory, and providing me with other avenues as a limited pro se counsel [ ] while in custody [sic]." ECF 42 at 5. The same issue pertains to the vague "government offices" and "professionals" described. *See* ECF 31 at 2. Based on the arguments made, Plaintiff has not established that a preliminary injunction is warranted.

## CONCLUSION

For the foregoing reasons, Plaintiff's Preliminary Injunction Motion, ECF 30, is DENIED.

**IT IS SO ORDERED**.

DATED this 2nd day of July, 2021.

/s/ Karin J. Immergut  
Karin J. Immergut  
United States District Judge