IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **AIRIAN JOVAN MISURACA**,<br><br>Plaintiff,<br><br>v.<br><br>**WASHINGTON COUNTY DETENTION CENTER/JAIL; SHERIFF PAT GARRETT; NAPHCARE; and CORRECTIONAL HEALTH PARTNERS**,<br><br>Defendants. | Case No. 3:20-cv-01597-IM<br><br>**OPINION AND ORDER** |

**IMMERGUT, District Judge.**

Plaintiff Airian Jovan Misuraca ("Plaintiff"), a pretrial detainee in custody at the Washington County Detention Center, brings this civil rights action under federal and state law against Washington County Detention Center/Jail ("WCDC"), NaphCare Inc. ("NaphCare"), Correctional Health Partners ("CHP"), and Sherriff Pat Garrett ("Sherriff Garrett") (collectively,

PAGE 1 – OPINION AND ORDER

"Defendants"). ECF 23. Plaintiff alleges violations of the First, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution; "Due Process of Law"; "Civil Rights"; the Oregon Constitution, Section 13; and "O.R.S." ECF 23 at 2-3.

This Court previously dismissed Plaintiff's initial complaint and first amended complaint. ECF 2 (Complaint); ECF 18 (dismissal for improper joinder and failure to state a claim); ECF 20 (First Amended Complaint); ECF 22 (dismissal of First Amended Complaint). In those orders, this Court advised Plaintiff that he may not bring claims in a single complaint that "do not arise from the same transactions, occurrences, or series of transactions and occurrences in which all defendants were involved." ECF 18 at 4; *see also* ECF 22 at 3, 5. This Court also advised Plaintiff that any second amended complaint "must allege sufficient factual matter to demonstrate that defendants are liable for the conduct alleged, but omit any and all argument, legal conclusions, speculation, and irrelevant information." ECF 22 at 5. This Court stated that it was granting Plaintiff "one final opportunity to amend his pleading to properly state a claim." *Id*.

Before this Court are Defendants WCDC and Garrett's Motion to Dismiss, ECF 38, and Defendant NaphCare's Motion to Dismiss, ECF 36. Defendant CHP has not appeared in this action. For the reasons that follow, this Court grants the pending motions and dismisses the SAC's federal claims against Defendants WCDC, Garrett, and NaphCare for failure to state a claim with prejudice. This Court also finds that the remaining federal claims against CHP fail to state a claim and accordingly dismisses those claims pursuant to 28 U.S.C. § 1915(e)(2) with prejudice. This Court finds that Plaintiff has not followed this Court's prior instructions and instead asserts many unrelated claims in a single complaint, as well as conclusory and vague claims that are too light on factual detail.

PAGE 2 – OPINION AND ORDER

Having dismissed all claims over which it has original jurisdiction, this Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3); *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478-79 (9th Cir. 1998). Those claims are dismissed without prejudice.

## STANDARDS

A district court must dismiss an action initiated by a pro se prisoner seeking redress from a governmental entity, officer or employee if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted).

Because Plaintiff is pro se, this Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d

338, 342 (9th Cir. 2010). Even so, allegations must be something more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. A pro se litigant will be given leave to amend his or her complaint "[u]nless it is absolutely clear that no amendment can cure the defect." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)) (quotation marks omitted); *see also Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Lopez v. Smith*, 203 F.3d at 1130-31.

## BACKGROUND

In this action, Plaintiff alleges various constitutional violations relating to the conditions of his detention in the Washington County Detention Center pending trial. ECF 23. On April 9, 2021, Plaintiff filed his Second Amended Complaint ("SAC"), which alleges ten claims and seeks, in total, $4,075,000.00 in damages. ECF 23.

Defendants WCDC and Garrett and Defendant NaphCare have filed two motions to dismiss for failure to state a claim. ECF 36; ECF 38. Defendant NaphCare appears to be a named defendant in claims 1, 2, 3, 4, 7, 8, and 9. ECF 23 at 2, 10-11. Defendant WCDC is named in all ten claims. *Id*.

On July 1, 2021, Plaintiff filed a Motion to Quash Defendant NaphCare's Motion to Dismiss, along with a declaration in support thereof. ECF 46; ECF 47. On July 15, 2021, Plaintiff filed a Motion to Quash Defendant WCDC's Motion to Dismiss and a supporting

declaration. ECF 49; ECF 50.[1] The Court has reviewed these documents and has considered Plaintiff's arguments on the issue of dismissal.[2]

## DISCUSSION

Defendant NaphCare argues that Plaintiff's SAC fails to comply with Federal Rule of Civil Procedure 8 and fails to state claims under 42 U.S.C. § 1983, the Eight Amendment, and the Fourteenth Amendment. ECF 36 at 5-13. Defendants WCDC and Garrett argue that Plaintiff fails to state a claim under 42 U.S.C. § 1983, the First Amendment, and due process; failed to satisfy the jurisdictional requirements of the Oregon Tort Claims Act ("OTCA") for all state claims; and fails to state a claim under the Oregon Constitution and unspecified Oregon statutes. ECF 38 at 7-16. Defendants WCDC and Garrett also argue that even if Plaintiff did state a claim for any constitutional violations against Sheriff Garrett, Sheriff Garrett is entitled to qualified immunity. ECF 38 at 16-20.

---

[1] Plaintiff also filed three motions to compel. ECF 51; ECF 53; ECF 55. Given this Court's dismissal of Plaintiff's claims, these motions to compel are denied as moot.

[2] On the issue of quashing, in both of Plaintiff's motions to quash, Plaintiff asserts: (1) notice of Defendants' motions was not served on all parties in violation of Federal Rule of Civil Procedure 45(a)(4); and (2) the caption to Defendants' motions incorrectly listed Defendants whom Plaintiff omitted from his second amended complaint. ECF 47 at 2; ECF 50 at 4. Regarding the alleged violation of Rule 45, Defendants filed motions to dismiss pursuant to Rule 12(b)(6), not subpoenas issued pursuant to Rule 45; they do not need to comply with the notice requirements of Rule 45(a)(4). Further, Defendant CHP has not appeared in this action and so did not need to be served with this motion. *See* Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear."); *Bricklayers & Allied Craftworkers Loc. Union No. 3 v. Palomino*, No. C-09-01589-CW (DMR), 2010 WL 2219595, at *3 (N.D. Cal. June 2, 2010) (collecting cases and explaining that "a court need not have adjudicated a party as being 'in default' in order to trigger the applicability of Rule 5(a)(2)."). Additionally, Rule 10(a) governs captions in pleadings. It requires that the complaint name all parties while permitting other pleadings to name each side's first party and generally refer to other parties. Fed. R. Civ. P. 10(a). The Court finds Defendants' listing of all parties as they appeared in Plaintiff's initial complaint in their motions to dismiss, including two defendants omitted from a later pleading, is harmless and not grounds to quash Defendants' motions to dismiss.

PAGE 5 – OPINION AND ORDER

Because this Court finds the failure to state a claim on the federal claims dispositive, it analyzes that issue only. The Court also considers Plaintiff's claims against Defendant CHP pursuant to § 1915(e)(2).

**A.  Plaintiff's claims lack sufficient factual detail to state a valid federal claim**

As Defendants assert in their motions, Plaintiff fails to plead factual content that allows the Court to draw the reasonable inference that any named defendant is liable for the misconduct alleged. Accordingly, Plaintiff fails to state a claim as to all defendants. No claim in the SAC mentions by name any individual employee or factually describes any actual conduct by any identified person. Some claims assert that multiple defendants were responsible for the same alleged violation. Conclusory allegations of being "ridiculed," "retaliated against," or "constantly denied" by nameless officials without any factual description in support are not sufficient to state a claim.

To the extent Plaintiff wishes to hold Defendant Garrett or Defendant WCDC liable under § 1983, Plaintiff has not sufficiently alleged such claims. Plaintiff does not mention Defendant Garrett outside the caption. *See generally* ECF 23. And this Court previously advised Plaintiff on how to hold WCDC liable for the alleged constitutional harms. ECF 18 at 4-6. Plaintiff has still not alleged any "specific policy or custom explicitly or implicitly adopted by the defendants." ECF 18 at 5. While Plaintiff does allege repeatedly in each claim that the alleged violations are "of the same or similar character and a common scheme and plan," Plaintiff offers no facts to substantiate this assertion. *See, e.g.*, ECF 23 at 4. Because Plaintiff has not pleaded facts identifying any such policy, he cannot hold WCDC liable even if his § 1983 claims were well pleaded.

PAGE 6 – OPINION AND ORDER

The Court also notes that Plaintiff has now filed three complaints in this action. This Court dismissed Plaintiff's prior two complaints and explained in both dismissal orders that Plaintiff may not bring in a single complaint "all manner of grievances" against "multiple, unrelated parties." ECF 22 at 3; *see also* ECF 18 at 3-4. In this Court's prior order of dismissal, it granted "one final opportunity" for Plaintiff "to amend his pleading to properly state a claim on which relief may be granted." ECF 22 at 5. This Court advised Plaintiff that such a new complaint "must assert only claims arising from common events and containing common questions of law or fact, and unrelated claims must be asserted in a separate lawsuit." *Id*. This Court also advised Plaintiff that he "must allege sufficient factual matter to demonstrate that defendants are liable for the conduct alleged, but omit any and all argument, legal conclusions, speculation, and irrelevant information." *Id*.; *see also id*. at 3-4.

Plaintiff's second amended complaint does not comply with this Court's instructions. Despite this Court's prior explanations of improper joinder, many of these claims do not involve the same transactions, occurrences, or series of transactions and occurrences in which all defendants were involved. *See* ECF 18 at 3-4; ECF 22 at 3 (explaining that mere occurrence of the alleged wrongs at WCDC "is insufficient to create a common transaction or occurrence to support joinder in this case"); *Coughlin v. Rogers*, 130 F.3d 1348, 1350-51 (9th Cir. 1997); *Blackwell v. Jenkins*, No. 219-cv-0442 TLN DB P, 2019 WL 5784900, at *3 (E.D. Cal. Nov. 6, 2019). For example, claim ten alleges unsanitary cell conditions against Defendant WCDC only and does not concern Defendants NaphCare and CHP. *See* ECF 23 at 9. As another example, claim six alleges First Amendment and due process violations with respect to the law library against Defendant WCDC only; this claim is also unrelated to Defendants NaphCare and CHP. ECF 23 at 6-7. It appears that Plaintiff now prefaces each claim by saying each is "a separate act

PAGE 7 – OPINION AND ORDER

and transaction . . . but part of the same common scheme and plan." ECF 23 at 6. This conclusory assertion is not sufficient to join all these parties and claims, where "the incidents underlying the claims are wholly separate, so as to require entirely different proof." *Harris v. Spellman*, 150 F.R.D. 130, 132 (N.D. Ill. 1993); *see also Coughlin*, 130 F.3d at 1351 (finding improper joinder where claims presented "a different factual situation," therefore requiring "personalized attention . . . by the Court"). As this Court explained in its first dismissal order, the "improper joinder cannot be remedied by severing the unrelated claims in the Complaint because the Court cannot ascertain which claims Misuraca intends to pursue in this action, and which claims he will choose to bring in separate actions." ECF 18 at 4. Additionally, as explained above, the claims continue to include legal argument, legal conclusions, and speculation, without adding sufficient factual matter supporting those allegations.

In sum, the Court previously provided Plaintiff with two detailed explanations of his pleading deficiencies and granted him two opportunities to cure such deficiencies in an amended pleading. Plaintiff failed to do so in his two amended complaints. The Court therefore concludes that any further attempts to amend would be futile. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 107 (9th Cir. 2009) (noting that "where the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad" (internal quotation marks omitted)); *Camirand v. Jones*, No. 2:19-cv-01829-YY, 2020 WL 2550053, at *1 (D. Or. May 19, 2020) (denying as futile further leave to amend where plaintiff's amended complaint failed to address deficiencies in the original complaint and instead alleged new, unrelated claims). The Court thus concludes that the amended complaint's federal claims must be dismissed with prejudice.

PAGE 8 – OPINION AND ORDER

## CONCLUSION

Based on the foregoing, this Court DISMISSES Plaintiff's Amended Complaint, ECF 23. Plaintiff's federal claims are dismissed with prejudice. Plaintiff's state-law claims are dismissed without prejudice because this Court declines to exercise supplemental jurisdiction over them.

**IT IS SO ORDERED**.

DATED this 19th day of August, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge
