IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **AIRIAN JOVAN MISURACA**, <br><br> Plaintiff, <br><br> v. <br><br> **WASHINGTON COUNTY DETENTION CENTER/JAIL; SHERIFF PAT GARRETT; NAPHCARE; and CORRECTIONAL HEALTH PARTNERS**, <br><br> Defendants. | Case No. 3:20-cv-01597-IM <br><br> **OPINION AND ORDER** |

Eamon P. McMahon and Kimberly Stuart, Washington County counsel, 155 N First Avenue, Suite 340, MS # 24, Hillsboro, OR 97124. Attorneys for Defendants Washington County Detention Center/Jail and Sherriff Pat Garrett. Jennifer Kay Oetter and Iain Armstrong, Lewis Brisbois Bisgaard & Smith, LLP, 888 SW Fifth Avenue, Suite 900, Portland, OR 97204. Attorneys for Defendant NaphCare.

**IMMERGUT, District Judge.**

Plaintiff Airian Jovan Misuraca brings this civil rights action *pro se* against Washington County Detention Center/Jail ("WCDC"), NaphCare, Inc. ("NaphCare"), Correctional Health Partners ("CHP"), and Sherriff Pat Garrett ("Garrett"). On August 19, 2021, this Court issued an Opinion and Order, ECF 66, dismissing Plaintiff's Second Amended Complaint, ECF 23, for

failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(B). The Court entered judgment, ECF 67, the same day. Currently before the Court are Plaintiff's Motion to Reopen, ECF 70, and Motion for Reconsideration (titled and referred to herein as "Motion to Alter the Judgment"), ECF 71. For the reasons below, the Court DENIES both motions.

## BACKGROUND

Plaintiff alleges violations of the First, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution; "Due Process of Law"; "Civil Rights"; the Oregon Constitution, Section 13; and "O.R.S." relating to medical treatment he received at the Washington County Detention Center ("WCDC"). ECF 23 at 2–3, 6–9. In all, Plaintiff alleges ten claims and seeks $4,075,000.00 in damages. *Id*. at 5.

This Court previously dismissed Plaintiff's initial Complaint and First Amended Complaint. ECF 2 (Complaint); ECF 18 (dismissal of Complaint); ECF 20 (First Amended Complaint); ECF 22 (dismissal of First Amended Complaint). In those orders, this Court advised Plaintiff that he may not bring claims in a single complaint that "do not arise from the same transactions, occurrences, or series of transactions and occurrences in which all defendants were involved." ECG 18 at 4; *see also* ECF 22 at 3, 5. This Court also advised Plaintiff that any second amended complaint "must allege sufficient factual matter to demonstrate that defendants are liable for the conduct alleged, but omit any and all argument, legal conclusions, speculation, and irrelevant information." ECF 22 at 5. This Court stated that it was granting Plaintiff "one final opportunity to amend his pleadings to properly state a claim." *Id*.

Plaintiff filed the Second Amended Complaint on April 9, 2021. ECF 23.

## STANDARDS

In his Motion to Alter the Judgment, Plaintiff specifically invokes Federal Rule of Civil Procedure ("Rule") 59(e). ECF 71 at 1. This Court will assess that motion as such. *See Harley-Davidson Credit Corp. v. Turudic*, No. 3:11-cv-01317-HZ, 2012 WL 5411771, at *2 n.2 (D. Or. Nov. 6, 2012) (quoting *Hinton v. Pac. Enter.*, 5 F.3d 391, 395 (9th Cir. 1993)) ("[A] party should indicate which federal rule governs . . . [a] motion for reconsideration [which] is appropriately brought under Rule 59(e) or Rule 60(b).").

Plaintiff does not identify the procedural rule on which he bases his Motion to Reopen, ECF 70, and thus the Court construes the motion as brought alternatively under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989) ("[A] postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 451 (1982)); *In re Arrowhead Estates Dev. Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994) (explaining that where post-judgment motion for reconsideration did not specify which Rule, 59(e) or 60(b), supported the motion, court considered motion under both standards).

I. **Motion to Alter or Amend Judgment Under Rule 59(e)**

Under Rule 59(e), a party may move "to alter or amend a judgment" within 28 days of its entry. Fed. R. Civ. P. 59(e). "A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). A motion for reconsideration under Rule 59(e), however, is an "extraordinary remedy, to be used sparing in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). A district court may grant a Rule 59(e) motion if it "is

presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)) (emphasis in original). This standard presents a "high hurdle" for a litigant seeking reconsideration under Rule 59(e). *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001).

Here, the Motion to Alter or Amend Judgment makes three broad arguments related to an "Amended/Supplemental Complaint" that was not filed in a timely manner. ECF 70 at 1–2. First, Plaintiff argues that the Court should have granted him an extension on August 9, 2021 because he had requested one in another case. *Id*. Second, he alleges that WCDC had been tampering with his outgoing mail "causing [him] to miss filing in a timely manner with the courts." *Id*. And third, he claims that Defendants had delayed giving Plaintiff the names of some people he wished to add to his complaint. *Id*. at 2.

As to Plaintiff's argument that the Court should have, sua sponte, granted him an extension simply because he requested one in another case, no part of Rule 59(e) provides a basis for relief. Plaintiff makes no showing of newly discovered evidence or a change in controlling law. Nor has Plaintiff articulated what clear error the Court committed. Plaintiff's other case, *Misuraca v. Washington County Detention Center/Jail et al.*, No. 3:21-cv-00846-IM, alleges constitutional violations stemming from the food served to Plaintiff (to which he was allegedly allergic) and his solitary confinement. *See* ECF 10, No. 3:21-cv-00846-IM, Plaintiff has not articulated why an extension granted in that case should have any bearing on this action, much less how this Court committed a clear error in not granting one.

Nor does Rule 59(e) provide relief if WCDC's alleged tampering prevented Plaintiff from timely filing his Amended/Supplemental Complaint. When this Court dismissed Plaintiff's First Amended Complaint, it gave him a chance to file a second amended complaint. ECF 22 at 5. Plaintiff filed his Second Amended Complaint, ECF 23, on April 9, 2021. The Court dismissed that complaint on August 19, 2021, ECF 66 (dismissing federal claims with prejudice), and then Plaintiff, without leave, filed his Amended/Supplemental Complaint on August 23, 2021, ECF 68. Even if it is true that WCDC tampered with Plaintiff's legal mail—which the Court is not finding—it would be immaterial because Plaintiff did not have permission to file another amended complaint.

Finally, even if WCDC delayed giving Plaintiff the names and dates he requested, that also would not have cured the deficiencies in his Second Amended Complaint. In the second order of dismissal, it is true that the Court found that Plaintiff's claims lack sufficient factual detail to state a valid federal claim. ECF 66 at 6. Names and dates might help cure that deficiency. But the Court also noted that Plaintiff had disregarded the Court's instruction that he "may not bring in a single complaint 'all manner of grievances' against 'multiple, unrelated parties.'" *Id*. at 7 (quoting ECF 22 at 3). The Court then found that Plaintiff's Second Amended Complaint included many claims that "do not involve the same transactions, occurrences, or series of transactions and occurrences in which all defendants were involved." *Id*. Names and dates would not have cured these deficiencies.

In sum, Plaintiff has not pointed out any clear error committed by this Court and, to the extent that he has identified "new" evidence, it would not have prevented the dismissal of his complaint.

## II.     Motion to Reopen

Plaintiff's Motion to Reopen advances substantially similar arguments as his Motion to Alter Judgment. *Compare* ECF 70 (Motion to Reopen) *with* ECF 71 (Motion to Alter Judgment). Thus, for the same reasons set out above, Rule 59(e) does not provide any relief as to the Motion to Reopen.[1]

Under Rule 60(b), a court may relieve a party from a final judgment or order if that party can establish "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, discharged . . . ; or (6) any other reason that justifies relief." Plaintiff does not identify which provision of Rule 60(b) he relies on for relief.

Plaintiff does not assert that the deficiencies in his Second Amended Complaint stemmed from mistake, inadvertence, surprise, or excusable neglect; that the judgment was void; or that the judgment has otherwise been satisfied. Even if the names and dates Plaintiff alleges WCDC withheld from him constitute newly discovered evidence, the reason Plaintiff's Second Amended Complaint was dismissed was due to misjoinder of claims. *See Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) ("Under [Rule 60(b)(2)] the movant must show the evidence . . . was of such magnitude that production of it earlier would have been likely to change the

---

[1] The only other argument Plaintiff proffers in his Motion to Reopen is that he "filed and mailed to the clerk of court[,] see 'mailbox rule[,]' long before a[n] Order of Dismissal [was] filed on 8-9-2021." ECF 70 at 2. *See Hill v. Hill*, No. Civ. 00-598-JE, 2004 WL 1433908, at *2 (D. Or. 2004) ("[P]ursuant to the 'prison mailbox rule,' a prisoner's documents are deemed filed at the moment the prisoner delivers them to prison authorities for forwarding to a court clerk."). If the prison mailbox rule applies here—Plaintiff does not say in his motion when he delivered the motion to prison authorities—it is immaterial. As noted above, Plaintiff did not have leave to amend his complaint.

disposition of the case." (internal quotation marks and citation omitted)). Similarly, WCDC's alleged withholding of the names and dates, even if it constitutes fraud or misconduct, does not warrant Rule 60(b) relief because it did not "prevent[] the losing party from fully and fairly presenting" the complaint. *See Case v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (internal quotation marks omitted) (quoting *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000)).

To obtain Rule 60(b) relief, then, Plaintiff must show that relief is appropriate under the catchall "any other reason" provision in Rule 60(b)(6). But Rule 60(b)(6) is to be used "sparingly as an equitable remedy to prevent manifest injustice." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (internal quotation marks omitted) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)). Rule 60(b)(6) relief is appropriate only if a movant establishes "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." *Gradford v. Teixera*, No. 1:17-cv-00201-DAD-GSA-PC, 2020 WL 5362404, at *2 (E.D. Cal. Sep. 8, 2020) (alteration in original) (internal quotation marks omitted) (quoting *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)).

Plaintiff presents no argument or evidence from which the Court could conclude that extraordinary circumstances prevented or rendered him incapable of prosecuting the case. This Court gave Plaintiff two chances to amend his complaint, instructing him both times that he needed to specify a policy adopted by WCDC that caused his injuries. ECF 18 at 4-5; ECF 22 at 2. Even if this Court granted Plaintiff an extension sua sponte based on his request in another case, even if WCDC had sent his legal mail out earlier,[2] and even if WCDC had provided him

---

[2] The Court notes, again, that Plaintiff did not have leave to file a Third Amended Complaint.

with the names and dates he requested, there is no basis for concluding that he would have identified a specific policy that caused him injury when he failed to do so despite having notice of the deficiency in his prior complaints.

## CONCLUSION

For the reasons stated, the Court DENIES Plaintiff's Motion to Reopen, ECF 70, and Motion to Alter or Amend Judgment, ECF 71.

**IT IS SO ORDERED**.

DATED this 3rd day of November, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge